```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

|  |  |
|---|---|
| RICHARD G. HOLLAND, | |
|         Plaintiff, | |
|     v. | Civil No. 06-4599 (RMB/KMW) |
| TERRA NOVA and ANTONIO CAMMARATA, | **MEMORANDUM ORDER** |
|         Defendants. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon its own motion.  On September 27, 2006, plaintiff Richard G. Holland (the "Plaintiff"), acting pro se, filed this action against defendants Terra Nova and Antonio Cammarata (the "Defendants") for employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964.  The complaint alleges that Mr. Cammarata, the owner of Terra Nova Restaurant, refused to hire Plaintiff "[b]ecause of [Plaintiff's] affiliation with [enforcing] rights for the disabled."  (Compl. ¶¶ 9-10.)  Plaintiff alleges that when he stopped to seek employment at Terra Nova Restaurant, which was hiring, he took photographs of a car parked illegally in a space designated for the disabled, in an effort to facilitate the prosecution of the offending car-owner.  (Jt. Fnl.

Prtl. Ord. ¶ 1.)  Defendant Cammarata, after questioning why Plaintiff had taken the photographs, refused to hire Plaintiff for employment at his business.  (Id.)  Defendants deny that Plaintiff indicated that he was seeking employment.  (Id. at ¶ 2.)

The parties have litigated this case for more than three years.  In that time, for reasons that are unclear to the Court, Defendants, who are represented by counsel, never filed a dispositive motion.  On January 28, 2010, United States Magistrate Judge Karen M. Williams entered a Joint Final Pre-Trial Order, which had been prepared and agreed to by the parties, to ready this case for trial.

Upon reviewing the Joint Final Pre-Trial Order, the Court has grave concerns about the viability of Plaintiff's claims.  Plaintiff purports to bring an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964.  Of course, Title VII proscribes workplace discrimination only based upon race, color, national origin, religion, and sex, 42 U.S.C. § 2000e et seq., so the Court will construe the complaint as raising a disability discrimination claim pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.  However,

First, it is not clear to the Court that Plaintiff enjoys protection under the Americans With Disabilities Act.  To have a

viable ADA claim, a plaintiff must establish that he (1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action because of that disability.  Turner v. Hershey Chocolate USA, 440 F.3d 604, 611 (3d Cir. 2006).  It is not clear to that Court that mere advocacy on behalf of people with disabilities is conduct entitled to non-discrimination protection.

Second, even if Plaintiff were entitled to ADA protection, his claim appears to be barred, since he never filed a charge of discrimination before the Equal Employment Opportunity Commission.  See 42 U.S.C. 12117(a).  Filing a charge of discrimination is a prerequisite to suit, and dismissal is warranted when no charge has been filed.  See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

Although Defendants -- perplexingly -- have not raised either of these obvious defects in Plaintiff's claim, the Court may raise them sua sponte.  See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.").  The leading treatise on civil procedure explains,

> [I]n cases in which the court wants to enter summary judgment without a Rule 56 motion by either party [the court's] power [is not in doubt]. . . .  Rather, the question raised by the court's action is whether the

3

>   party against whom the judgment will be entered was given
>   sufficient advance notice and an adequate opportunity to
>   demonstrate why summary judgment should not be granted.
>   . . . If the court provides this opportunity, . . . <u>there
>   seems to be no reason for preventing the court from
>   acting on its own</u>. To conclude otherwise would result in
>   unnecessary trials and would be inconsistent with the
>   objective of Rule 56 of expediting the disposition of
>   cases.

Wright, Miller, & Kane, 10A <u>Federal Practice & Procedure: Civil 3d</u> § 2720 at 339 (1998). Therefore, the Court hereby puts Plaintiff on notice of its intent to grant summary judgment if Plaintiff cannot establish that his claim is cognizable.

Accordingly,

**IT IS** on this, the **29th** day of **January 2010**, hereby

**ORDERED** that both Plaintiff and Defendants shall submit to the Court by <u>Friday, February 19, 2010</u> **WRITTEN BRIEFS** addressing the defects of Plaintiff's claim; and it is further

**ORDERED** that the parties shall appear for **ORAL ARGUMENT** on this matter on <u>Thursday, February 25, 2010</u> at <u>1:30 p.m.</u>, in Courtroom 3D of the United States District Court, 4th and Cooper Streets, Camden, New Jersey; and it is finally

**ORDERED** that the Court will <u>sua sponte</u> **GRANT SUMMARY JUDGMENT** in this case if it determines that Plaintiff's claims are deficient for the reasons set forth herein.

>                               s/Renée Marie Bumb
>                               RENÉE MARIE BUMB
>                               UNITED STATES DISTRICT JUDGE